
Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

March 14, 2025

Via ECF

The Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Jordan B. Leader
Senior Counsel
d +1.212.969.3922
f 212.969.2900
jleader@proskauer.com
www.proskauer.com

Re:   *Lesia Tsurenko v. WTA Tour, Inc. and Steve Simon,* Case No. 24-cv-08518-NRB

Dear Judge Buchwald:

We represent Defendants WTA Tour, Inc. ("WTA") and Steve Simon in this matter and write to respectfully request a pre-motion conference regarding their proposed motion to dismiss Plaintiff's complaint (ECF No. 1) pursuant to Rule 12(b)(6) because each of her claims is legally defective.[1] We briefly set out below the primary reasons the Complaint should be dismissed.

I.   Plaintiff's Breach of Contract Claim Fails for Multiple Reasons

*First*, Plaintiff's breach of contract claim should be dismissed because she waived her right to bring such a claim. Plaintiff alleges that the WTA Official Rulebook ("Rulebook") constitutes an agreement between her and Defendants. (Compl. ¶ 32.) The Rulebook requires that as a condition of participating on the WTA Tour, players must execute an Annual Player Form. (Rule III(A)(1)(c)(iii)-(d)(i).) In that form, which Plaintiff executed multiple times, including on May 3, 2023 and on December 31, 2023, Plaintiff "knowingly, voluntarily, fully, and forever waive[d] any and all claims, demands, losses, or causes of action that [she], [her] heirs or legal representatives may have against" Defendants "arising in conjunction with any decision, ruling, action or inaction of [Defendants] with respect to all matters within their respective jurisdictions or areas of operations." The Rulebook also requires that WTA Members, including Plaintiff, agree to be bound by the WTA By-Laws. (Rule III(A)(1)(c)(i).) The WTA By-Laws also contain a waiver: "Each member of the Tour … by accepting and maintaining a membership in the Tour, agrees … to … (d) Waive any and all claims or demands, whether for damages or otherwise, which the member might now or hereafter have against [Defendants]."[2] (By-Laws § 2.5(d).) These

---

[1]   Although Defendants dispute all of Plaintiff's material allegations, for purposes of the proposed motion to dismiss, the Court is required to accept the truth of Plaintiff's well-plead allegations.

[2]   Plaintiff attached the Rulebook to her Complaint. Accordingly, because the Rulebook incorporates the Annual Player Form (and Plaintiff's obligation to execute it) and the By-Laws (and Plaintiff's agreement to be bound thereby), the waivers in those two agreements are properly considered on a Rule 12(b)(6) motion. *See Revitalizing Auto Cmtys. Envtl. Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 437 (2d Cir. 2024). Further, Plaintiff claims she "duly performed her part of the [a]greement" set forth in the Rulebook (Compl. ¶ 35), which must necessarily include her obligations to (i) "comply with" and be "bound by" the By-Laws and (ii) execute the Annual Player Form prior to "entering or participating in any event organized or sanctioned by the WTA." Accordingly, the Court may consider these two agreements on a Rule 12(b)(6) motion because they are integral to the Complaint. *See Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, 2024 U.S. App. LEXIS 13227, at *6-7 (2d Cir. June 3, 2024); *Trackman, Inc. v. GSP Golf AB*, 2024 U.S. Dist. LEXIS 173684, at *13 (S.D.N.Y. Sep. 24, 2024).

**Proskauer**  The Honorable Naomi Reice Buchwald | March 14, 2025 | Page 2

liability waivers are clear, unequivocal, binding, and enforceable under New York law. *See Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 952 N.E.2d 995, 1000 (N.Y. 2011).[3]

*Second*, the claim as against Mr. Simon must be dismissed because the Rulebook is a contract only between Plaintiff and WTA, not with Mr. Simon. *See Ga. Malone & Co., Inc. v. Rieder*, 86 A.D.3d 406, 408 (1st Dep't 2011) ("It is well established that officers or agents of a company are not personally liable on a contract if they do not purport to bind themselves individually.")

*Third*, the claim fails because the sole rule in the Rulebook to which Plaintiff cites does not apply to either WTA or Mr. Simon. (Compl. ¶ 32.) Instead, that rule requires "Tournament Support Personnel" "to refrain from engaging in conduct detrimental to the WTA or the WTA Tour or contrary to the integrity of the game of tennis." (Rule XVII(F)(1).) As Defendants will demonstrate, the Rulebook is clear that the WTA and its directors and officers do not fall within the definition of "Tournament Support Personnel." Even if this rule were applicable, Plaintiff has not alleged any facts that could plausibly be interpreted to constitute a violation of the Rule.

II.     Plaintiff's Negligence Claim Fails

Plaintiff's negligence claim fails because she has not identified any duty of care that Defendants owed to her that is independent of the parties' contract. Instead, her allegations of negligence all arise out of the relationship established by the Rulebook and, indeed, are covered by various provisions in the Rulebook. Thus, what Plaintiff is really alleging is a claim for negligent performance of contract, which is not cognizable under New York law. *See Singh v. PGA Tour, Inc.*, 2014 WL 641311, at *3 (N.Y. Sup. 2014). The claim also fails because there are no well-plead allegations that support the claim. For instance, the second cause of action alleges that the WTA failed to "protect Plaintiff from harassment by Russian and Belarus' [*sic*] players, support team members and fans," and failed to investigate and institute policies to prevent such harassment. (Compl. ¶ 40(a)-(c).) However, there is not a single allegation in the Complaint asserting that Plaintiff was the subject of any harassment. Similarly, Plaintiff alleges that WTA failed to address Mr. Simon's "unethical conduct" and "escalation of inappropriate conduct towards Plaintiff". (*Id*. ¶ 40(d)-(f).) But the only allegation of Mr. Simon's conduct towards Plaintiff is the assertion that, during one private meeting between Plaintiff and Mr. Simon in March 2023, Mr. Simon purportedly said that a person's views on the war in Ukraine "should not hurt you" and that Russian and Belarusian players "should be returned to the Olympic Games." (*Id*. ¶ 21.) The Complaint itself refutes the allegation that WTA did not address these statements, alleging that the WTA Code of Conduct Committee undertook an investigation and determined that Mr. Simon did not violate any applicable rules (*Id*. ¶ 29), and the WTA Board of Directors, which has authority under the Rulebook to hear appeals, affirmed the Committee's decision. (*Id*. ¶ 30.)[4] There are no other well-plead allegations in the Complaint concerning any other conduct

---

[3]     New York law governs this dispute. (Rule XIX(A); By-Laws § 10.13).

[4]     The Rulebook provides that the Board's determination is final and binding. (Rule XVII(H)(3)(d)). It is well-settled that courts in this Circuit do not interfere in the internal decisions of sports organizations. *See, e.g., M'Baye v. World Boxing Ass'n*, 429 F. Supp. 2d 660, 667 (S.D.N.Y. 2006). Because that is exactly what Plaintiff is inappropriately trying to do here, the Complaint should be dismissed.

by Mr. Simon directed toward Plaintiff, much less any "escalation" of conduct.

III.   <u>Plaintiff Has Failed to Allege a Negligent Supervision Claim</u>

The negligent supervision and retention claim against WTA fails because Plaintiff has not plausibly alleged that Mr. Simon committed any tort against her. Although Plaintiff alleges that Mr. Simon said certain things to her and made certain decisions on behalf of the WTA concerning investigations into conduct of other players, she has not made any allegations that Mr. Simon breached any duty owed to her. This failure dooms the claim. *See Ogbolu v. Trustees of Columbia Univ. in City of New York*, No. 22-419, 2023 WL 2579044, at *3 n.3 (2d Cir. Mar. 21, 2023) (affirming dismissal of negligent supervision or retention claims where plaintiff failed to establish the existence of an independent tort or act of negligence). Further, the claim fails because Plaintiff has not alleged that any of Mr. Simon's purported conduct was outside the scope of his employment. *See I.M. v. United States*, 362 F. Supp. 3d 161, 207 (S.D.N.Y. 2019) ("New York law does not permit a claim for negligent hiring, training, retention or supervision where the defendants act in the scope of their employment.") Lastly, the claim fails because there are no plausible allegations that the WTA had the requisite notice of Mr. Simon's alleged propensity to "mentally, physically, and emotionally injure Ukrainian members." (Compl. ¶ 49.) *See Doe v. Uber Techs*., Inc., 551 F. Supp. 3d 341, 363 (S.D.N.Y. 2021) (dismissing negligent supervision claim where plaintiff failed to allege any facts establishing that employer knew or should have known of the individual defendant's propensity for injurious conduct). Plaintiff's assertion that WTA was on notice of this alleged propensity "[a]s of 2022" is baseless and rests entirely on the allegation that Mr. Simon failed to adequately discipline other players who purportedly expressed support for Russia's war against Ukraine. Because the allegations on their face do not even suggest that Mr. Simon's conduct was tortious, or that such conduct could have put the WTA on notice that Mr. Simon allegedly had a "propensity" to injure Ukrainian players, the claim fails.

IV.   <u>Plaintiff's Negligent Infliction of Emotional Distress ("NIED") Claim Also Fails</u>

The NIED claim fails because Plaintiff has not plead, nor could she, that Defendants breached a duty owed to her, which endangered her physical safety or caused her to fear for her physical safety. *See Dolgas v. Wales*, 215 A.D.3d 51, 56-57 (3rd Dep't 2023).

*   *   *

In sum, Plaintiff has no basis to assert these claims against Defendants, and they should be dismissed in their entirety. We thank the Court for its attention to this matter and are available to answer any questions at the Court's convenience.

Respectfully submitted,

*[signature]*

Jordan B. Leader

cc:   Counsel of Record