**BUKH LAW PA**
1123 Ave. Z
Brooklyn, NY 11235
Phone: (718) 376-4766
Fax: (718) 376-3033

March 18, 2025

VIA ECF

The Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Lesia Tsurenko v. WTA Tour, Inc. and Steve Simon, Case No. 24-cv-08518-NRB

Dear Judge Buchwald:

Our firm represents Plaintiff Lesia Tsurenko in this case. Plaintiff Lesia Tsurenko submits this response to Defendants WTA Tour, Inc. ("WTA") and Steve Simon's request for a pre-motion conference.

**1. Breach of Contract Claim**

First, contrary to Defendants' contention, Plaintiff's breach of contract claim should not be dismissed based on her alleged waiver of her right to bring such a claim because the issue of waiver constitutes a matter extraneous to the complaint, and it cannot be considered on a Rule 12(b)(6) motion. Specifically, when material outside the complaint is presented to and not excluded by the court, "the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . ." Fed. R. Civ. P. 12(b). For purposes of this rule, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (*per curiam*). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. Int'l Audiotext, 62 F.3d at 72. However, the Second Circuit noted that because "the harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered," "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is **a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough**. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002)(emphasis added)("when a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record").

Here, because the Complaint itself did not refer to or in any way rely on the purported waiver contained in the Annual Player Form or in the WTA By-Laws, the Court is not authorized to consider said documents in ruling on the Rule 12(b)(6) motion. See, e.g., Meyer v. Seidel, 89 F.4th 117, 134 (2d Cir. 2023)(because "the complaint itself did not refer to or in any way rely on the Demand Letter" the district court were not authorized to consider the Letter in ruling on Rule 12(b)(6) motions). It should be noted that the WTA By-Laws is not even available to Plaintiff to ascertain its contents.

Moreover, waiver as an affirmative defense only "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, **if the defense appears on the face of the complaint**." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). In this case, because the waiver defense is outside of the four corners of the Complaint, it cannot be raised by a pre-answer motion to dismiss under Rule 12(b)(6). See, e.g., McKenna, 386 F.3d at 436 ("a defendant presenting an [affirmative] defense on a Rule 12(b)(6) motion must accept the more stringent standard applicable to this procedural route" as "[n]ot only must the facts supporting the defense appear on the face of the complaint but, as with all Rule 12(b)(6) motions, the motion may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.").

Substantively, regardless of whether Plaintiff signed the alleged waiver, said purported waiver is unenforceable as overbroad and unconscionable. Unconscionability "is contractual overreaching, imposition, oppressiveness, or unfairness."  Hume v. United States, 132 U.S. 406 (1889).  See also Christian v. Christian, 42 N.Y.2d 63, 71 (1977)("an unconscionable bargain has been regarded as one such as no [person] in his [or her] senses and not under delusion would make on the one hand, and as no honest and fair [person] would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any [person] of common sense")(internal citations and quotation marks omitted).  In this case, the overbroad waiver of "any and all claims" against Defendants is clearly unconscionable since it unreasonably deprives a putative plaintiff from asserting any cause of action without even getting any benefit from this bargain. Moreover, the Rulebook, with its Annual Player Form, has all the elements of a contract of adhesion. "Contracts of adhesion" are contracts prepared by one party and presented to another, in a disadvantageous bargaining position, on a "take it or leave it" basis. City of New York v. Local 333, Marine Div., Int'l Longshoremen's Ass'n, 106 Misc. 2d 888, 891 (New York County 1980), rev'd on other grounds,  79 A.D.2d 410 (1980). Here, since Plaintiff had no bargaining power when she purportedly executed the alleged waiver, the WTA exercised its power in such a way as to take advantage of Plaintiff's lack of sophistication and lack of bargaining power, the unlimited waiver provisions are invalid and unenforceable. Critically, given the worldwide WTA monopoly, all WTA players virtually have only one option - to accept unconditionally all the oppressive terms of the WTA contract or entirely forfeit their opportunity to play tennis, as there is no alternative to be a ranked professional player outside of the WTA's tournaments.

Second, because the determination of personal liability involves factual issues that are not suitable for resolution on a motion to dismiss, the question of whether officers or agents of a

corporation are liable on its contracts is not appropriate for a motion to dismiss. See, e.g., Altschul & Altschul v .Torkieh, 29 Misc. 3d 143(A) (App. Term, 1st Dep't 2010); Shephard v Friedlander, 195 A.D.3d 1191 (3d Dep't 2021).

Finally, contrary to Defendant's argument that "WTA and its directors and officers do not fall within the definition of "Tournament Support Personnel, " the Rulebook several times defines Tournament Support Personnel as "any tournament director, official, owner, operator, employee, agent, contractor or any similarly situated person." The Rulebook, SECTION XVII at 279, Appendix D at 418, Appendix K at 511.

### 2. Negligence Claim

Plaintiff has identified a duty of care that Defendants owed to her that is independent of the parties' contract. Specifically, Plaintiff has been harassed by Defendants' continued neglect to make reasonable accommodations preventing interactions between Ukrainian and Russian players. At a minimum, Defendants could have set the tournament schedule to avoid or minimize games between Ukrainian and Russian players. Moreover, since Defendant Steve Simon voluntarily assumed a duty to ban Russian or Belarusian players if they showed public support of the war, Compl. at ¶¶14-16, 19-21, Defendants are estopped from escaping liability for their breach of that duty as "special relationship" or "duty" were formed. See, e.g., Miles v. R & M Appliance Sales, Inc., 26 N.Y.2d 451 (1970)(assumed duty independent of contract gave rise to obligation to perform that duty with reasonable care and breach of that duty making tortfeasor liable for negligence); Heard v. City of NY, 82 N.Y.2d 66, 72 (1993)(defendant who voluntarily assumes a duty to act with reasonable care toward others may be held liable for breach of that duty if the plaintiff relied on the defendant's undertaking and if the defendant's act or failure to act placed the plaintiff in a more vulnerable position than if the obligation had not been assumed since "an 'assumed duty', or a 'duty to go forward', may arise once a person undertakes a certain course of conduct upon which another relies").

### 3. Negligent Supervision Claim

As discussed above, Plaintiff has plausibly alleged that Defendants committed actionable torts of negligence against her. Further, because an employee's "scope of employment" is heavily dependent on factual considerations, the question is ordinarily one for the jury. Tenczar v. Richmond, 172 A.D.2d 952, 953 (3d Dep't 1991). Finally, Plaintiff's numerous complaints to the WTA about Mr. Simon propensity to "mentally, physically, and emotionally injure Ukrainian members" are more than sufficient to establish that the WTA had the requisite notice. Compl. at ¶¶ 15, 16, 20, 23, 24, 28.

### 4. Negligent Infliction of Emotional Distress

Plaintiff has plausibly alleged the elements of the NIED claim. Moreover, contrary to Defendants' argument, purely emotional harm is within the scope of the NIED claim. Taggart v. Costabile, 131 A.D.3d 243, 252 (2d Dep't 2015)("when there is a duty owed by defendant to

plaintiff, breach of that duty **resulting directly in emotional harm** is compensable even though no physical injury occurred") (emphasis added).

Therefore, Plaintiff believes that Defendants' request for a pre-motion conference should be denied.

                                          Respectfully,

                                          s/ Arkady Bukh

                                          _____

cc: Counsel of Record (via ECF)