

Proskauer Rose LLP  Eleven Times Square  New York, NY 10036-8299

June 13, 2025

Via ECF

The Honorable Naomi Reice Buchwald
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Jordan B. Leader
Senior Counsel
d +1.212.969.3922
f 212.969.2900
jleader@proskauer.com
www.proskauer.com

Re:   *Lesia Tsurenko v. WTA Tour, Inc. and Steve Simon,* Case No. 24-cv-08518-NRB

Dear Judge Buchwald:

We represent Defendants WTA Tour, Inc. ("WTA") and Steve Simon in this matter and write pursuant to Rule 2(C)(1) of Your Honor's Individual Practices to outline the substantive arguments advanced in Defendants' Motion to Dismiss the Amended Complaint. We briefly set out below the primary reasons the Complaint should be dismissed in its entirety.

I.   Plaintiff's Breach of Contract Claim Fails

*First*, Plaintiff's breach of contract claim should be dismissed because she waived her right to bring such a claim. Plaintiff alleges that the WTA Official Rulebook ("Rulebook") constitutes an agreement between her and Defendants. (Am. Compl. ¶ 36.) The Rulebook requires that as a condition of participating on the WTA Tour, players must execute an Annual Player Form. (Am. Compl. ¶ 9; Rule III(A)(1)(c)(iii)-(d)(i).) It is undisputed that Plaintiff executed that form multiple times,— including twice after the events she complains about took place — (*see* Am. Compl. ¶ 9), and by doing so she "knowingly, voluntarily, fully, and forever waive[d] any and all claims, demands, losses, or causes of action that [she] … may have against" Defendants "arising in conjunction with any decision, ruling, action or inaction of [Defendants] with respect to all matters within their respective jurisdictions or areas of operations." The Rulebook also requires that WTA Members, including Plaintiff, agree to be bound by the WTA By-Laws. (Am. Compl. ¶ 12; Rule III(A)(1)(c)(i).) The WTA By-Laws also contain a waiver: "Each member of the Tour … by accepting and maintaining a membership in the Tour, agrees … to … (d) Waive any and all claims or demands, whether for damages or otherwise, which the member might now or hereafter have against [Defendants]." (Am. Compl. ¶ 12; By-Laws § 2.5(d).) These liability waivers are clear, unambiguous, binding, and enforceable under New York law. *See Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 952 N.E.2d 995, 1000 (N.Y. 2011).

*Second*, even if Plaintiff did not waive her claim, she fails to plausibly allege that WTA breached the agreement between them. Indeed, the sole rule in the Rulebook upon which Plaintiff bases her claim does not apply to conduct by WTA. Instead, that rule requires "Tournament Support Personnel" "to refrain from engaging in conduct detrimental to the WTA or the WTA Tour or contrary to the integrity of the game of tennis." (*See* Am. Compl. ¶ 36; Rule XVII.F.1.) WTA is not, however, any of the entities included within the definition of Tournament Support Personnel to which the rule could apply. Moreover, even if this rule were applicable, Plaintiff has not alleged any facts that could plausibly be interpreted to constitute a violation of the rule.

**Proskauer**  The Honorable Naomi Reice Buchwald | June 13, 2025 | Page 2

*Third*, the claim should be dismissed because Plaintiff's allegations center on WTA's decisions with respect to the application of its own rules. Courts in the Second Circuit "are reluctant to interfere with the internal decisions of" sports organizations, "deferring to the principle that courts are ill-equipped to resolve conflicts involving the interpretation of the organization's own rules." *M'Baye v. World Boxing Ass'n*, 429 F. Supp. 2d 660, 667 (S.D.N.Y. 2006).

II.     Plaintiff's Negligence Claim Should Be Dismissed

Plaintiff's negligence claim fails because she has not identified any duty of care that Defendants owed to her that is independent of the parties' contract. Instead, her allegations of negligence all arise out of the relationship established by the Rulebook and, indeed, are covered by various provisions in the Rulebook. Thus, what Plaintiff is really alleging is a claim for negligent performance of contract, which is not cognizable under New York law. *See Singh v. PGA Tour, Inc.*, 2014 WL 641311, at *3 (N.Y. Sup. 2014). Plaintiff's claim that Simon voluntarily assumed a duty to her when he allegedly "promised" to ban Russian and Belarusian players who support Russia's war against Ukraine also fails because, among other things, any potential claim for a failure to follow through on an alleged promise would be a breach of contract claim (which, even if valid, Plaintiff waived), and (ii) Plaintiff has not plausibly alleged that she relied on the purported promise to her detriment. *See Riekers v. Gold Coast Plaza*, 255 A.D.2d 373, 374, 679 N.Y.S.2d 709, 710 (1998) (rejecting negligence claim where plaintiff did not detrimentally rely on Defendant's performance of allegedly assumed duty).

More broadly, Plaintiff's negligence claim fails because it lacks well-plead, non-conclusory allegations. For instance, the second cause of action alleges that the WTA failed to "protect Plaintiff from harassment by Russian and Belarus' [*sic*] players, support team members and fans," and failed to investigate and institute policies to prevent such harassment. (Am. Compl. ¶ 45(a)-(c).) However, there is not a single well-plead allegation in the Complaint asserting that Plaintiff was the subject of any harassment. Similarly, Plaintiff alleges that WTA failed to address Mr. Simon's "unethical conduct" and "escalation of inappropriate conduct towards Plaintiff". (*Id.* ¶ 45(d)-(f).) But the only allegation of Mr. Simon's conduct towards Plaintiff is the assertion that, during one private meeting between Plaintiff and Mr. Simon in March 2023, Mr. Simon purportedly said that a person's views on the war in Ukraine "should not hurt you" and that Russian and Belarusian players "should be returned to the Olympic Games." (*Id.* ¶ 25.) The Complaint itself refutes the allegation that WTA did not address these statements, alleging that the WTA Code of Conduct Committee undertook an investigation and determined that Mr. Simon did not violate any applicable rules (*Id.* ¶ 33), and the WTA Board of Directors, which has authority under the Rulebook to hear appeals, affirmed the Committee's decision. (*Id.*) There are no other well-plead allegations in the Complaint concerning any other conduct by Mr. Simon directed toward Plaintiff, much less any "escalation" of conduct.

III.    Plaintiff Has Failed to Allege a Negligent Supervision Claim

The negligent supervision and retention claim against WTA fails because Plaintiff has not plausibly alleged that Mr. Simon committed any tort against her. Although Plaintiff alleges that Mr. Simon said certain things to her and made certain decisions on behalf of the WTA concerning investigations into conduct of other players, she has not made any allegations that Mr. Simon

**Proskauer** » The Honorable Naomi Reice Buchwald | June 13, 2025 | Page 3

breached any duty owed to her. This failure dooms the claim. *See Ogbolu v. Trustees of Columbia Univ. in City of New York*, No. 22-419, 2023 WL 2579044, at *3 n.3 (2d Cir. Mar. 21, 2023) (affirming dismissal of negligent supervision or retention claims where plaintiff failed to establish the existence of an independent tort or act of negligence). Further, the claim fails because Plaintiff has not alleged that any of Mr. Simon's purported conduct was outside the scope of his employment. *See I.M. v. United States*, 362 F. Supp. 3d 161, 207 (S.D.N.Y. 2019) ("New York law does not permit a claim for negligent hiring, training, retention or supervision where the defendants act in the scope of their employment.") Lastly, the claim fails because there are no plausible allegations that the WTA had the requisite notice of Mr. Simon's alleged propensity to "mentally, physically, and emotionally injure Ukrainian members." (Am. Compl. ¶ 55) *See Nelson v. Selfhelp Comm. Servs., Inc.*, No. 13-cv-5524, 2014 WL 6850967, at *3 (S.D.N.Y. Dec. 4, 2014) (An employer will only be liable for negligent supervision or retention when it "knows or should have known that the employee has a propensity – namely prior acts and/or behavior – for the sort of conduct which caused the injury alleged). Plaintiff's assertion that WTA was on notice of this alleged propensity "[a]s of 2022" is baseless and rests entirely on the allegation that Mr. Simon failed to adequately discipline other players who purportedly expressed support for Russia's war against Ukraine. Because the allegations on their face do not even suggest that Mr. Simon's conduct was tortious, or that such conduct could have put the WTA on notice that Mr. Simon allegedly had a "propensity" to injure Ukrainian players, the claim fails.

IV.  Plaintiff's Negligent Infliction of Emotional Distress ("NIED") Claim Also Fails

Plaintiff's NIED claim should be dismissed because she fails to allege facts sufficient to meet the requisite fourth element of an NIED claim. Specifically, Plaintiff has not plead, nor could she, that Defendants breached a duty owed to her which either (i) endangered her physical safety or caused her to fear for her physical safety, or (ii) constituted one of the other extreme circumstances recognized as providing some assurance of genuineness of the harm, sufficient to meet her prima facie burden. *See Dolgas v. Wales*, 215 A.D.3d 51, 56-57 (3d Dep't. 2023.); *Taggart v. Costabile*, 131 A.D.3d 243, 253 (2d Dep't. 2015).

\* \* \*

Plaintiff has no basis to assert these claims against Defendants, and they should be dismissed in their entirety and with prejudice, and the Court should award Defendants, in accordance with the WTA By-Laws, their attorneys' fees and costs, and any other relief the Court deems just and proper.

We thank the Court for its attention to this matter.

Respectfully submitted,

Jordan B. Leader

cc:  Counsel of Record